(40 Misc. Rep. 521.)

### PEOPLE v. WALKER.

(Court of General Sessions, New York County. April, 1903.)

1. LARCENY—NEW TRIAL—EVIDENCE OF GOOD CHARACTER.
   A new trial on conviction of grand larceny will not be granted for newly discovered evidence consisting of new evidence of the good character of the defendant.

Chauncey W. Walker was convicted of grand larceny. Motion for new trial was denied, and defendant moves for reargument. Denied.

William Travers Jerome, Dist. Atty. (Robert C. Taylor, Asst. Dist. Atty., of counsel), for the People.
Charles E. Le Barbier, for defendant.

McMAHON, J. This is a motion "for a reargument and reconsideration of the motions heretofore made by the defendant for a new trial and in arrest of judgment, and to set aside the verdict of the jury, and for a new trial upon the ground of newly discovered evidence."

The defendant was convicted of grand larceny in the second degree for obtaining a certain sum of money from the complaining witness on the false and fraudulent representation that certain territorial rights which he, as agent of a company known as the Policy Holders' National Union of Chicago, was authorized to sell and dispose of represented "virgin territory," and had not been sold and would not be sold to any other parties, but that the complainant should have the exclusive privilege of representing and acting for said company in said territory under the conditions of a contract mutually signed. It was contended

by the people and found by the jury that these representations were false and fraudulent, inasmuch as the said territory had been previously disposed of, not once, but several times.

The motion being made after judgment, it is only necessary to consider the last clause of the defendant's request. Code Cr. Proc. §§ 443, 446.

After the trial application was made to the Supreme Court, in another department, for a certificate of reasonable doubt, which was denied by Maddox, J. This was done, presumably, after full consideration of the case and the evidence presented, and after hearing argument of counsel thereon. If, therefore, it were proper on this motion to go into the case itself, either to discover error in law or insufficiency of evidence, this decision of Justice Maddox on the question of reasonable doubt would seem to make it unnecessary.

The bulk of the moving papers consists of affidavits as to the good character, not only of the defendant, but of the company whose agent he professed to be. Much of this would have been excluded if offered at the trial, because it relates to specific acts of honesty, and is no sufficient or competent proof of general reputation. The two principal affidavits, aside from that of the defendant himself, are made by parties who were witnesses on the trial (by commission), and who were officers of the company for which the defendant claimed to act. It appears from the papers submitted by the people against this motion that these two witnesses—one being a brother of the defendant—are both under indictments for similar offenses in Chicago. While evidence of this fact would not have been admissible upon the trial, it may fairly be considered in the decision of the pending motion. A large portion of the papers submitted by the defendant relates to the good character of the company itself. This was never an issue in the case, and, if evidence of this kind had been offered at the trial, it would have been excluded. In fact, if the company had been engaged in a legitimate business, with valuable rights to sell, and if the defendant had sold these rights fraudulently and by false pretenses, it is no extenuation of his guilt, but rather an aggravation, because it gave him the better basis for deceiving his victim.

In the case of Kring v. N. Y. C. & H. R. R. Co., 45 App. Div. 378, 60 N. Y. Supp. 1114, the court says:

"The rule which should govern in considering a motion of this kind is well settled. It must appear that the evidence has been discovered since the trial; that it could not have been obtained upon the former trial by the exercise of reasonable diligence; that it is material to the issue, and goes to the merits of the case; that it is not merely cumulative; and that its character is such that it would probably have changed the result."

The defendant, in his moving papers, does not meet any single one of these conditions.

Good character is not an excuse for crime, nor a license to commit it; and proof thereof is only useful and competent as enabling a jury to come to a just conclusion as to whether the defendant committed the act which constitutes the crime, and with guilty intent. There may be cases where such proof would of itself create such reasonable doubt as would call for an acquittal. The motion is denied.

Motion denied.